UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------------X

ELAINE LEE ROSEN and
CYNTHIA JEAN NOBLIT,                             File No. 11-CV-00966 (DAB)

                    Plaintiffs,

                                                                   **COMPLAINT**

         -against-

                                                                     **JURY TRIAL DEMANDED**

BILLY BROADWAY, LLC and
NBC UNIVERSAL, INC.,

                    Defendants.

-------------------------------------------------------------------X

        Plaintiffs, ELAINE LEE ROSEN and CYNTHIA JEAN NOBLIT, by their attorney HALPERIN & HALPERIN, P.C., complaining of the defendants herein, allege as follows:

### PARTIES

        1.        At all times hereinafter mentioned, plaintiffs ELAINE LEE ROSEN and CYNTHIA JEAN NOBLIT, were and still are residents of the State of Missouri.

        2.        Upon information and belief, at all times hereinafter mentioned, defendant BILLY BROADWAY, LLC (hereinafter "BBLLC") was and still is a Delaware Limited Liability Company doing business in the State of New York, and having its principal office for transaction of business in the City, County and State of New York

        3.        Upon information and belief, at all times hereinafter mentioned, defendant NBC UNIVERSAL, INC. (hereinafter "NBC.") was and still is a Delaware Corporation doing business in the State of New York, and having its principal office for

transaction of business in the City, County and State of New York.

## JURISDICTION & VENUE

4. This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. Section 1332(a)(1), as a consequence of the fact that the matter in controversy exceeds the sum or value of $75,000.00, exclusive of interest and costs, and is between citizens of different states.

5. This Court has personal jurisdiction over the defendants herein because defendants transact business within the State of New York and this district; have their principal offices within the State of New York and this district; have availed themselves of the privilege of conducting activities within the State of New York and this district; and have engaged in the activities giving rise to this lawsuit within the State of New York and this district.

6. Venue is appropriate in this Court pursuant to 28 U.S.C. Section 1391(a)(b) because defendants have their principal office in this district and/or are transacting business in this district; and a substantial part of the events or omissions giving rise to the claim occurred in this district.

## COUNT I
## GENERAL NEGLIGENCE

7. Plaintiffs repeat, reiterate and reallege each and every allegation of paragraphs "1" through "6", inclusive, of this Complaint, as if same were fully set forth herein at length.

8. Upon information and belief, at all times hereinafter mentioned, defendant BBLLC operated, managed, maintained and controlled premises consisting of the Imperial Theatre located at 249 West 45th Street in the City, County and State of New York (hereinafter "The Premises").

9. Upon information and belief, at all times hereinafter mentioned, defendant NBC operated, managed, maintained and controlled The Premises.

10. Upon information and belief, at all times hereinafter mentioned, defendant BBLLC, its officers, agents, subcontractors and/or employees exclusively managed, maintained, operated and controlled all of the activities upon The Premises, including the production, performance and choreography of "Billy Elliot the Musical" at the Imperial Theatre located at 249 West 45th Street in the City, County and State of New York (hereinafter "The Musical").

11. Upon information and belief, at all times hereinafter mentioned, defendant NBC, its officers, agents, subcontractors and/or employees exclusively managed, maintained, operated and controlled The Musical.

12. Upon information and belief, at all times hereinafter mentioned, defendant BBLC, its officers, agents and/or employees employed, hired, engaged or subcontracted certain persons to perform services upon The Premises, including The Musical.

13. Upon information and belief, at all times hereinafter mentioned, defendant NBC, its officers, agents and/or employees employed, hired, engaged or

3

subcontracted certain persons to perform services upon The Premises, including The Musical.

14. On and before November 23, 2009, the defendants BBLC, NBC and each of them, by their agents, servants and/or employees, were under a duty to manage, maintain, operate and control The Premises and The Musical in a safe, proper and lawful fashion such that no persons lawfully thereon, including patrons and members of the audience of The Musical, would be caused to sustain serious personal injuries.

15. On November 23, 2009, plaintiffs ELAINE LEE ROSEN and CYNTHIA JEAN NOBLIT were lawful patrons and members of the audience of The Musical upon The Premises when an actor or actress employed and/or under the supervision and control of the defendants suddenly and violently caused certain props and/or parts of the stage set of The Musical to be propelled from the stage of The Musical into the front row of the audence, causing plaintiffs and each of them to sustain the injuries hereinafter described.

16. The aforesaid occurrence was caused solely by and through the negligence and carelessness of the defendants BBLC and NBC and each of them, by and through their officers, agents, servants and/or employees in the ownership, operation, control, care, custody, charge, creation, supervision, management and/or maintenance of The Premises and in particular, The Musical; in causing, creating, permitting and/or allowing dangerous, hazardous, and unlawful practices or operations to occur upon The Premises and The Musical, thereby causing a hazard to patrons, guests, invitees, members of the audience and other persons lawfully watching The Musical; in constructing and/or arranging a

hazardous and dangerous set for The Musical; in constructing and/or arranging hazardous and dangerous props for The Musical; in arranging a hazardous and dangerous choreography for The Musical; in failing to properly train employees, subcontractors, actors, choreographers, set designers and others engaged in the operation of The Musical; in failing to properly supervise employees, subcontractors, actors, choreographers, set designers and others engaged in the operation of The Musical; in permitting patrons, guests, invitees, members of the audience and other persons lawfully upon The Premises to be seated in the front row of The Musical with the knowledge that the practices or operations of The Musical posed a risk, hazard or trap to patrons, guests, invitees, members of the audience and other persons lawfully upon The Premises; in failing to take the necessary and requisite steps to lawfully and properly instruct employees, subcontractors, actors, choreographers, set designers and others engaged in The Musical; in failing to give the plaintiffs ELAINE LEE ROSEN, CYNTHIA JEAN NOBLIT and each of them any notice or warning of the aforesaid practices or operations although the defendants knew, or in the exercise of reasonable care, should have known of the unsafe, dangerous, hazardous and unlawful practices or operations taking place in The Musical upon The Premises; in failing to protect the safety of members of the audience and other persons lawfully patronizing The Premises and The Musical, and more particularly, the plaintiffs ELAINE LEE ROSEN and CYNTHIA JEAN NOBLIT from encountering the said unsafe, dangerous, hazardous and unlawful practices or operations; in failing to rectify, correct and/or otherwise remedy the unsafe, dangerous, hazardous and unlawful practices or operations hereinabove referred to; in failing

to give the the plaintiffs ELAINE LEE ROSEN and CYNTHIA JEAN NOBLIT adequate, proper and/or sufficient notice or warning of the aforesaid hazardous practices or operations by written warnings, signs, barricades or otherwise; in violating the applicable and pertinent state statutes of the City and State of New York, as well as the applicable and pertinent federal and municipal codes, rules and/or ordinances then and there appertaining; in causing the plaintiffs ELAINE LEE ROSEN and CYNTHIA JEAN NOBLIT to sustain serious personal injuries; and in failing to take the necessary and requisite steps to prevent this foreseeable occurrence, although the defendants BBLC and NBC and each of them, by and through their officers, agents, servants and/or employees, knew, or in the exercise of reasonable care, should have known of the dangerous, hazardous and unlawful practices or operations taking place in The Musical upon The Premises; and in failing to protect the safety of patrons, guests, invitees, members of the audience and other persons lawfully upon The Premises, and more particularly, plaintiffs ELAINE LEE ROSEN and CYNTHIA JEAN NOBLIT herein, from encountering the said dangerous, hazardous and unlawful practices or operations.

17. The aforesaid occurrence was caused through and by reason of the negligence of the defendants BBLC and NBC and each of them, by and through their officers, agents, servants and/or employees, with no negligence on the part of plaintiffs herein contributing thereto.

18. Upon information and belief, defendants BBLC and NBC and each of them, had both actual and constructive notice of the dangerous practices or operations.

19. Upon information and belief, defendants BBLC and NBC and each of them, created the dangerous condition.

20. By reason of the foregoing, plaintiffs ELAINE LEE ROSEN, CYNTHIA JEAN NOBLIT and each of them were caused to sustain serious, severe and painful personal injuries, were rendered sick, sore, lame, disabled and otherwise infirm, suffering internal injuries, physical pain and mental anguish; were compelled to seek medical care and attention, incurring expenses in connection therewith, in an attempt to rectify and remedy their sick, sore, lame and disabled condition; were caused to be incapacitated from their usual activities; were caused to experience severe physical and psychological pain, suffering, required medical care and treatment, incurred expenses, and in other respects, were damaged.

21. New York CPLR § 1601 does not apply pursuant to the exception provided by CPLR § 1602(1)(b).

22. Plaintiffs demand a trial by jury.

**RELIEF**

23. By reason of the foregoing, plaintiffs ELAINE LEE ROSEN, CYNTHIA JEAN NOBLIT and each of them have been damaged in an indeterminate sum of not less than Two Million ($2,000,000.00) Dollars each.

**WHEREFORE**, plaintiffs ELAINE LEE ROSEN and CYNTHIA JEAN NOBLIT demand judgment against defendants BBLC and NBC and each of them, as follows:

1. On behalf of plaintiff ELAINE LEE ROSEN against defendants BBLC and NBC and each of them in an indeterminate sum of not less than Two Million ($2,000,000.00) Dollars; and

2. On behalf of plaintiff CYNTHIA JEAN NOBLIT against defendants BBLC and NBC and each of them in an indeterminate sum of not less than Two Million ($2,000,000.00) Dollars;

Together with interest, counsel fees and the costs and disbursements of this action.

Dated: New York, New York
       January 31, 2011                    Respectfully Submitted,

                                           HALPERIN & HALPERIN, P.C.

                                           By:_____\S_____
                                               STEVEN T. HALPERIN (STH-8723)
                                           Counsel for Plaintiffs
                                           ELAINE LEE ROSEN and
                                           CYNTHIA JEAN NOBLIT
                                           Office & P.O. Address
                                           18 East 48th Street
                                           New York, New York  10017
                                           (212) 935-2600